GRANT (UNITED STATES v.). See Case No. 15,247.

## Case No. 5,701.

### GRANT & TOWNSEND v. ——.

[1 U. S. Law Int. (1829) 22.]

Circuit Court, S. D. New York.

PATENTS—SURRENDER AND RENEWAL—DEFECTIVE SPECIFICATIONS—DAMAGES FOR INFRINGEMENT.

[1. A patentee has the right and power to surrender his patent and take out a new one, and the new patent must be considered in the same light as if no other had been issued.]

[2. The specifications and drawings in the secretary's office. but not the model, may be used as aids to making the machine, and if it can be made from the two former together. the patent is not defective in that particular.]

[3. Defects in the specifications, in order to render the patent void, must be the result of fraudulent or intentional concealment on the part of the patentee.]

[4. In an action at law for infringement the question of damages is exclusively for the jury. Plaintiffs are entitled to actual damages, and the net profits made by defendants is probably the best rule to guide the jury.]

At the late term of the circuit court of the U. S. held in the city of New York. a case was decided in relation to a patented machine for making hat bodies. This machine is one of wonderful ingenuity, and has been of vast advantage to the public; and it is gratifying to learn. that its worthy and indefatigable inventor has been thus far successful in the recovery of exemplary damages for the violation of his just rights. The plaintiffs in the case were Messrs. Grant & Townsend, of Providence—the former, the inventor of the said machine, and owning one-half of the interest therein, and the other owning the remaining half, by virtue of an assignment from the said Grant. There can be no stronger evidence of the great value of this singular machine, than the circumstances of its having been pirated by different persons in the states of New York. Massachusetts, Connecticut, and Pennsylvania. The plaintiffs had before succeeded in recovering a judgment and damages in several suits which they commenced before the circuit court for the district of Connecti-

cut, that were determined at the April term, 1828, against certain violators within that district. And this they did, in opposition to one of the most ingenious and desperate defences which perhaps was ever made, and also in opposition to the positive testimony of a witness, who had been induced to swear that he was the inventor prior to the date of the plaintiffs' patent—which testimony appeared so improbable upon strict cross examination, that it was deemed unworthy of credit, by the court and jury. In the present trial, as well as in the one referred to, the defendants contended that a machine acting upon the same principle, and producing the same results, had been invented and put in operation by one Silas Mason, of Dedham (Mass.) long before the invention of the plaintiff's machine, and that therefore the plaintiffs, not being the true inventors, could not recover; but that their patent was void. It also appeared, that the defendants purchased a right under Mason, and then put into operation one or more of Grant's machines. In 1825 they had four of the plaintiffs' machines at work—in 1826 they employed six of these machines; and in 1827, seven. But if the plaintiff, Grant, was the true inventor, the defendants contended that the patent was void, for the following reasons—That it was a patent, not for a machine, but for an abstract principle—That the specification was false, in claiming as an invention, that which had been long before known; and that the specification and drawing deposited in the secretary's office were insufficient, and would not give a mechanic sufficient data from which to make the machine. Upon this latter point, a host of witnesses were examined on both sides, but the decision of the court rendered their testimony unimportant.

A luminous charge was given to the jury, by Thompson, Circuit Justice, in the course of which he commented upon the various questions of law raised in the cause, and gave his opinion in relation to them.—The plaintiff, Grant, had obtained a patent in the year 1821, which he surrendered in 1825, and took out a new one. The judge decided, that he had the right and power so to do, and that his present patent must be considered in the same light as if no other had been issued. That an abstract principle was not patentable, the judge said, was clearly law, but this patent was not liable to that objection. He also charged, that the specifications and drawings in the secretary's office might both be used to make the machine, and if it could be made from the two together it would be sufficient, but that the model there deposited could not be used for that purpose. He then compared our statute with the English statutes, and decided that the jury must believe (under our statute) that the specification was defective by reason of the fraudulent or intentional concealment of the patentee, or otherwise the patent would be good. He, perhaps, would not be perfectly satisfied of the correctness of this position, had it not been already expressly decided in the United States circuit court in Boston and Philadelphia. The great question was then submitted to the jury, whether or not Grant was the true inventor of the machine. The testimony in relation to Mason's invention was fully commented upon. and the jury was instructed that it was not necessary that Mason should have taken out a patent in order to take away the plaintiff's, right—and, on the other hand, the plaintiff's right would not be destroyed merely because Mason had produced the same result, but that it must be shown, that Mason produced the same results by a machine acting upon the same principle as the plaintiff's. As to damages, the judge said, it was a question exclusively for the jury; that the plaintiffs should recover the actual damages which they had sustained, and that the net profits made by the defendants was probably the best rule to guide the jury in assessing them.

The jury returned a sealed verdict in favor of the plaintiffs for three thousand two hundred and sixty-six dollars, and sixty-six cents, which the court are by law obliged to treble—making the judgement $9,799,98, besides costs.

[See Case No. 5,698.]

———

GRANT, The GENERAL U. S. See Case No. 5,320.

GRANT, The JOSEPH. See Case No. 7,538.

GRANT LOCOMOTIVE WORKS (TORREY v.). See Case No. 14,105.

GRANT, The U. S. See Cases Nos. 16,803 and 16,804.      ———